Jerry SADLER et al., Appellants,

v.

T. J. POOLE, Jr., et al., Appellees.

No. 7465.

Court of Civil Appeals of Texas.

Texarkana.

March 26, 1963.

Rehearing Denied April 23, 1963.

Will Wilson, Atty. Gen., Ben M. Harrison and Tom Burrus, Asst. Attys. Gen., Austin, John E. Bailey, Houston, for appellants.

Leland B. Kee, Angleton, Alex Pope, Jr., Fort Worth, for appellees.

DAVIS, Justice.

A temporary injunction. A trespass to try title suit with a permit to sue the State. The trial court granted a temporary injunction against the Commissioner of the General Land Office and as Chairman and a member of the School Land Board, the Governor of the State of Texas, a member of the School Land Board and the Attorney General of Texas, a member of the School Land Board, and each of them, their employees and assistants pending a final hearing and determination of the cause of action, enjoining and restraining them from receiving or accepting any bid or bids, and from leasing or attempting to lease for mineral development, or any other purpose, any of the lands described in appellees' petition, or located within the boundaries of the grants and patents in Brazoria County, Texas, heretofore issued by the State of Texas, the Republic of Mexico and the States of Coahuila and Texas. The sole question to be decided by this court is whether or not the trial court abused its discretion in granting the temporary injunction based upon the facts in the case.

On December 13, 1832, Coahuila and Texas and the Republic of Mexico granted a patent to Parker Williams covering approximately 1107 acres of land in Brazoria County, Texas, as abstract No. 137, describing said land by metes and bounds.

On February 11, 1886, the State of Texas granted a patent to Rebecca A. Murrie to a tract of land covering approximately 1280 acres of land in Brazoria County, Texas, as abstract No. 587, and describing the land by metes and bounds.

On July 3, 1847, the State of Texas granted a patent to William H. Butler to approximately 1476 acres of land in Brazoria County, Texas, as abstract No. 154, and describing the land by metes and bounds.

On August 30, 1847, the State of Texas granted a patent to Joseph H. Gamble to approximately 1476 acres of land in Brazoria County, Texas, as abstract No. 194, describing said land by metes and bounds.

On August 28, 1849, the State of Texas granted a patent to Calvin Sumrels (sometimes spelled Sumrall, or Sumerall) to approximately 1476 acres of land in Brazoria County, Texas, as abstract No. 368, and describing said land by metes and bounds.

According to the evidence, the State of Coahuila, the Republic of Mexico and the State of Texas granted all the title to all of the real estate described in the foregoing patents. The appellees, James L. Ducroz, et al., now own and hold all the titles described in said patents. The patents are presently outstanding, valid, and uncancelled grants by the responsible sovereigns and their authorized representatives.

In 1931, the Texas Legislature enacted a statute, Article 5421c, "Regulating sale and lease of school lands, public lands and river beds; Board of Mineral Development Created". The statute has been consistently amended, the last amendment being in 1957. Under the statute, the Commissioner of the General Land Office is given the right to determine whether or not the lands offered for lease or sale is public free school land. According to the statute, the

land involved in this lawsuit is not vacant or unsurveyed. The appellees are "Good Faith Claimants". Under a well written opinion by Justice Smedley in Schneider v. Lipscomb County Nat. Farm Loan Ass'n., 146 Tex. 66, 202 S.W.2d 832, 172 A.L.R. 1, the Commissioner of the General Land Office committed an error in deciding that any of the lands involved in the foregoing patents was unsurveyed or public free school land. It is pointed out in said opinion how the Attorney General of the State of Texas under Art. 5420, Vernon's Ann.Rev.Civ.St., which has been in effect since 1900, not only authorized, but makes it the duty of the Attorney General to institute suit for the *recovery* of any public lands that are held, occupied or claimed by any person or corporation adversely to the State. The institution of such suit in the name of the State and the recovery of final judgment in its favor for title and possession constitutes the most authentic and effective assertion and enforcement of the State's title. The claimants were claiming under patents issued by the various governments. Fisher et al. v. Barber, Tex.Civ.App., 21 S.W.2d 569, N.W.H.

A prior lawsuit had been filed by the appellees in 1951. The suit culminated in the Supreme Court of Texas. The court found that the temporary injunction had been dissolved and that the School Land Board had issued leases upon certain portions of the land involved. Poole v. Giles, 151 Tex. 224, 248 S.W.2d 464. There was a sharp dissenting opinion in the case by three of the Judges of the Supreme Court. They took the position that the judgment of the trial court should be affirmed. The Court of Civil Appeals had already dissolved the injunction because the State of Texas had not granted permission to be sued. Giles v. Poole, Tex.Civ.App., 239 S.W.2d 665.

The appellants take the position that the injunction suit is in conflict with and in violation of Article 5421c. The action of the Commissioner of the General Land Office in declaring the property to be vacant and unsurveyed school land is in violation of said Article. Since the "Good Faith Claimants" were in possession of the property, claiming the same under the patents issued, if the State is actually claiming title to any of the property that is covered by the patents. It was the duty of the Attorney General to file suit to cancel the patents, or to recover the portions of the lands the State now claims.

 Much has been written on the question of injunctions, but in view of the fact that this is a suit in trespass to try title, it was the duty of the trial court to issue the temporary injunction and prevent the issuance of oil, gas and mineral leases that would place a cloud upon the titles until the final disposition of the trespass to try title suit. Cargill v. Buie, Tex.Civ.App., 343 S.W.2d 746, W.R., N.R.E., and authorities therein cited.

The judgment of the trial court is affirmed.